IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSIAH D. WOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1812 (MN) |
| | ) |
| NEW CASTLE POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Josiah D. Woody, Wilmington, DE – Pro Se Plaintiff

April 22, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Josiah D. Woody ("Plaintiff") filed this action on December 27, 2021. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      BACKGROUND**

In 2007, Plaintiff was charged with rape and imprisoned for eight months pending trial. (D.I. 2 at 4). He alleges that even though DNA proved him innocent, it became hard to obtain a good career due to slander and his life was not the same. (*Id.*).

Plaintiff alleges that he met his daughter, Shantell Newman ("Newman") in 2016. (*Id.* at 5). At the time, Newman had been charged with stalking as a result of actions taken by her in 2014. (*Id.*). Next, Plaintiff alleges that he was being framed and charged with possession of a gun. (*Id.*). He alleges that his attorney worked with the prosecutor and, as a result, his 15 year sentence was reversed. (*Id.*). Plaintiff alleges that he should have received a three year sentence and that he was denied good time. (*Id.*). This Court takes judicial notice Plaintiff was arrested on weapons charges in February 7, 2017 after his DNA was found on a handgun.[1] *See Woody v. State*, 2019 WL 4644049, at *2, 219 A.3d 993 (Del. 2019) (table). Plaintiff was convicted following a jury trial. *Id.* He appealed evidentiary rulings made by the Superior Court and its denial of his motion for judgment of acquittal. *Id.* On September 23, 2019, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Id.* at *7.

Plaintiff alleges that children were "removed by force," that his son may be a victim of crimes against humanity and is in "the system," and he may have been subjected to police brutality.

---

[1]    Plaintiff and his daughter Newman were tried together and both were convicted of all charges. Newman's DNA was also on the handgun.

(D.I. 2 at 5, 6).  Finally, Plaintiff alleges that Defendants New Castle County Police Department ("NCCPD") and Wilmington Police Department ("WPD") have made many attempts to end his life and freedom, and he has been watched and followed by officers.  (*Id*. at 6).

For relief Plaintiff seeks forty-six million dollars, his children back in his arms, and the police to admit the truth.  (*Id*. at 7).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

3

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Statute of Limitations

To the extent Plaintiff raises his claims under 42 U.S.C. § 1983, all claims that occurred prior to December 27, 2019 are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff complains of acts that occurred in 2007, 2016, and 2017. Plaintiff did not file his Complaint until December 27, 2021. It is evident from the face of the Complaint that the foregoing claims are barred by the two-year limitation period.

### B. Municipal Liability

Plaintiff names two Defendants – NCCPD and WPD.[2] A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Although a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that NCCPD or WPD were the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by Defendants directly caused harm to Plaintiff, his § 1983 claims cannot stand. The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]  The proper municipal defendants are New Castle County and the City of Wilmington.

### C.    Non-Attorney

Although not clear, it appears that Plaintiff may be raising claims on behalf of his children. As a non-attorney, Plaintiff may not act as an attorney for other individuals and may only represent himself in this court.  28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).  All claims raised on behalf of Plaintiff's children will be dismissed.

## IV.    **CONCLUSION**

For the above reasons, this Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.